not convict unless there was other testimony corroborating that of the accomplice and tending to connect appellant with the commission of the offense, if any.

 Appellant now contends that the offense was a compound crime consisting first of stealing property, and second of appellant receiving it, with knowledge of the theft, and therefore that the court should have told the jury that the accomplice must be corroborated on both elements of the crime. Appellant's position is supported inferentially at least by Hanks v. State, 55 Tex. Cr. R. 405, 117 S. W. 149, and Bloch v. State, 81 Tex. Cr. R. 1, 193 S. W. 303, and by analogy is supported by Slaughter v. State, 86 Tex. Cr. R. 527, 218 S. W. 767, and Brewer v. State, 93 Tex. Cr. R. 213, 246 S. W. 663. We find it unnecessary to discuss the merits of the contention, as the question is not properly before us. No exception was filed to the charge given pointing out in any way what is now claimed to be a defect therein.

The court was justified in refusing the special charge requested because he had already instructed on the subject. No specific objection to the charge given was called to the court's attention either in the requested charge or by proper written exception. This calls for application of the rule recognized in Walker v. State, 89 Tex. Cr. R. 76, 229 S. W. 527; Boaz v. State, 89 Tex. Cr. R. 515, 231 S. W. 790; Parker v. State, 98 Tex. Cr. R. 209, 261 S. W. 782.

It is not thought necessary to discuss other questions raised in appellant's motion. The disposition heretofore made of them is thought to be correct.

The motion for rehearing is overruled.

## DALY v. STATE.
### No. 13573.

Court of Criminal Appeals of Texas.
May 28, 1930.

C. R. Fields, of Kosse, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J.

The offense is robbery; punishment fixed at confinement in the penitentiary for a period of five years.

The record is accompanied by neither statement of facts nor bills of exceptions. No question is presented for review.

The judgment is affirmed.

## HILL v. STATE.
### No. 13625.

Court of Criminal Appeals of Texas.
May 28, 1930.

Rehearing Denied June 18, 1930.

A. C. Chrisman, of Cleburne, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for transporting intoxicating liquor; punishment being one year in the penitentiary.

The record contains neither statement of facts nor bills of exception. Nothing is presented for review.

The judgment is affirmed.

## Homer HILL v. STATE.
### No. 13626.

Court of Criminal Appeals of Texas.
May 28, 1930.

Rehearing Denied June 18, 1930.

A. C. Chrisman, of Cleburne, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.